977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry D. STONEMAN, Plaintiff-Appellant
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee
 No. 91-15996.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 23, 1992.
Decided Sept. 30, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Jerry D. Stoneman appeals the district court's summary judgment affirming the Secretary's denial of disability insurance benefits and a period of disability. Stoneman contends that (1) there was not substantial evidence to support the Secretary's findings that Stoneman could perform his past relevant work as a salesman and timekeeper; (2) the Secretary failed to follow the five-step sequential evaluation process for determining disabilities; (3) the Secretary should have believed Stoneman's complaints of severe disabling pain; (4) the Secretary should have considered whether Stoneman could have been disabled anytime on or before September 30, 1987. We affirm the district court's decision.
 
 I.
 
 3
 Stoneman alleges that he reinjured his left knee on March 19, 1987. Although Stoneman originally stated January 1980 as the date of onset in his disability application, he now claims that the disability began on or after March 19, 1987. His insured status expired September 30, 1987. Stoneman claims that the combination of pain from this recent knee injury and from a pre-existing low-back injury prevent him from standing, walking, or sitting for more than short periods of time. More importantly, Stoneman alleges that his frequent need to alternate positions (as often as every 15 minutes) prevents him from performing his past relevant work as either a timekeeper or salesman of audio/video equipment. At the hearing, the Administrative Law Judge posed a hypothetical question to the vocational expert concerning the employability of an individual who shared appellant's vocational factors (i.e. age, education, and work experience) and who was similarly physically restricted. The vocational expert answered that the individual could perform certain sales jobs such as selling books and furniture.
 
 II.
 
 4
 We reject Stoneman's first argument since the question posed to the vocational expert was sufficient to establish substantial evidence to support the Secretary's finding of no disability. Stoneman's counsel conceded at oral argument that the hypothetical question contained an accurate description of Stoneman's physical capabilities. In relying upon the vocational expert's testimony, the Secretary properly found that Stoneman retained the residual functional capacity to perform certain jobs such as selling books and furniture. While in some cases the physical and mental requirements of different sales jobs may not be equivalent, we hold that on the facts of this case Stoneman could perform his past relevant work as a salesman because he retained the residual functional capacity to sell books and furniture.
 
 
 5
 Second, Stoneman argues that the Secretary failed to follow the five-step sequential evaluation process because he failed to make explicit findings concerning the claimant's residual functional capacity. Since Stoneman did not meet his burden of proof, however, that he could not perform his past relevant work, the Secretary was not obligated to make express findings concerning Stoneman's residual functional capacity. See McMullen v. Celebrezze, 335 F.2d 811, 816 n. 6 (9th Cir.1964), cert. denied 382 U.S. 854 (1965). Thus, Stoneman's second argument fails.
 
 
 6
 Third, Stoneman correctly contends that the Secretary failed to make specific findings justifying his decision to disbelieve the claimant's complaints of severe disabling pain. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir.1989). This issue is rendered irrelevant, however, by our finding that the vocational expert's testimony is sufficient to support the ALJ's finding that Stoneman could work as a salesman. The vocational expert took into account the limitations imposed by Stoneman's allegations of pain in concluding that an individual with Stoneman's physical limitations could work as a salesman.
 
 
 7
 Finally, Stoneman argues that the Secretary should have considered whether Stoneman could have been disabled anytime on or before September 30, 1987. The hypothetical question upon which the Secretary relied, however, contained an accurate description of Stoneman's physical capacity from March 19, 1987 (amended, alleged date of onset) through September 30, 1987 (date last insured). Therefore, Stoneman cannot contend that the Secretary failed to consider whether he became disabled during this time period.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3